IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| ASHLEY TOZER, | ] |
| Plaintiff, | ] |
| vs. | ] Case No: |
| METRICAN STAMPING LLC., | ] JURY DEMAND |
| Defendants. | ] |

## COMPLAINT

Comes now the Plaintiff, Ashley Tozer, by and through counsel and for cause of action will respectfully show to the Court as follows:

### JURISDICTION & VENUE

1. This action involves the application of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et seq.*, the Pregnant Worker's Fairness Act, 42 U.S.C. § 2000gg, *et seq.*, the Americans with Disabilities Act, as Amended ("ADAAA"), 42 U.S.C. § 12101, *et seq.* and the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. § 2601 *et seq*.

2. This Court has jurisdiction of this action pursuant to 28 U.S.C. § 1331.

3. The claims asserted in this action arose in Dickson County, Disckson, Tennessee; therefore, proper venue for this action lies within the Middle District of Tennessee pursuant to 28 U.S.C. § 1391.

### ADMINISTRATIVE PREREQUISITE

4. Plaintiff has fulfilled all conditions precedent to the institution of this action under 42 U.S.C. § 2000e, *et seq*. A Notice of Right to Sue was issued on September 20, 2024, a true and correct copy of which is attached hereto as Exhibit A.

1

## PARTIES

5. Plaintiff, Ashley Tozer (hereinafter referred to as "Ms. Tozer" or "Plaintiff"), is an adult female individual and citizen of the United States who resides in Humphreys County, Waverly, Tennessee. At all relevant times, Ms. Tozer was an employee of Metrican Stamping LLC. (hereinafter referred to as "Metrican" or "Defendant"), within the meaning of the meaning of the FMLA.

6. Defendant is a foreign limited liability company or similar business entity and regularly conducts business at 101 Warren G Medlay Drive, Dickson, Tennessee 37055.

7. At all relevant times, Defendant engaged in commerce or in an industry or activity affecting commerce and employed fifteen (15) or more employees for each working day during each of twenty (20) or more calendar workweeks in the current or preceding calendar year pursuant to Title VII, the PWFA, and the ADA.

8. At all relevant times, Defendant engaged in commerce or in an industry or activity affecting commerce and employed fifty (50) or more employees for each working day during each of twenty (20) or more calendar workweeks in the current or preceding calendar year pursuant to 29 U.S.C. § 2611(4)(A) of the Family and Medical Leave Act (FMLA).

## FACTUAL ALLEGATIONS

9. In January 2021, Ms. Tozer first began her employment with Defendant as a temporary employee.

10. Ms. Tozer was originally hired as a packer in the shipping department.

11. Approximately a month later, Defendant hired Ms. Tozer on as a full-time employee.

12. After becoming a full-time employee, Ms. Tozer was transitioned into a welder.

13. Throughout her employment, Ms. Tozer never received any discipline or negative performance reviews.

14. In or around June 2023, Ms. Tozer learned she was pregnant.

15. Shortly after, Ms. Tozer began suffering pregnancy-related complications; including, but not limited to, dizziness and fainting.

16. In or around August 2023, Ms. Tozer spoke to Sherry Bear, human resources for Defendant, about leave options related to her pregnancy.

17. Ms. Bear confirmed Ms. Tozer was eligible for, and should utilize, FMLA leave.

18. Ms. Bear said she would fax the FMLA paperwork to Ms. Tozer's physician.

19. In or around October 2023, Ms. Tozer utilized four (4) or five (5) days of intermittent FMLA leave.

20. For each absence, Ms. Tozer contacted Defendant's "call-in" line and informed them she was utilizing FMLA leave related to her pregnancy.

21. Ms. Tozer's employee portal reflected these absences as approved.

22. On October 9, 2023, Ms. Tozer was in an accident resulting in multiple fingers being severely injured.

23. As a result of her hand injury, Ms. Tozer could not user her hand and was unable to work.

24. Ms. Tozer's physician estimated she would remain unable to work until December 6, 2023.

25. Ms. Tozer notified Ms. Bear of her need for leave due to her hand injury.

26. Ms. Bear never responded to Ms. Tozer's request.

27. Despite not hearing from Ms. Bear, Ms. Tozer applied for, and was approved for, short-term disability benefits on October 10, 2023.

28. On December 7, 2023, Ms. Tozer returned to work but was unable to clock in.

29. Ms. Tozer notified her supervisor that she was unable to clock in.

30. Plaintiff's supervisor signed off on her arrival time.

31. A few hours later Ms. Tozer was called into human resources and informed she had been terminated.

32. According to human resources, Ms. Tozer was terminated prior to her short-term disability leave due to excessive absences.

33. The absences referenced by human resources were all FMLA days related to Ms. Tozer's pregnancy.

34. Human resources told Ms. Tozer her FMLA documents were never completed.

35. As a result, human resources said Ms. Tozer's pregnancy-related absences were unexcused absences.

36. At no time prior to this meeting had anyone informed Ms. Tozer her FMLA had not been processed.

37. Throughout Plaintiff's leave she attempted to contact Ms. Bear but received no response.

38. Neither Ms. Bear nor anyone else for Defendant inquired about Plaintiff's absences nor informed her that her leave was not approved prior to her termination.

39. Plaintiff was discriminated against based on her sex/pregnancy and her disability and suffered retaliation for engaging in protected activity under Title VII, the PWFA, the ADA, and the FMLA.

40. Any other reason proffered by Defendant is pretext.

### COUNT I – VIOLATION OF TITLE VII, 42 U.S.C. § 2000e-3 (DISCRIMINATION)

41. Plaintiff hereby re-alleges the forgoing paragraphs as though fully set forth herein.

42. Plaintiff is a female and a member of a protected class under Title VII of the Civil Rights Act.

43. Plaintiff was qualified for her position.

44. Plaintiff was subjected to disparate treatment because of her sex in violation of Title VII of the Civil Rights Act.

45. Defendant is vicariously liable for the actions of its management and supervisors.

46. As a direct and proximate result of the actions of Defendant set forth above, Plaintiff has suffered, is now suffering, and will continue to suffer, emotional pain and anguish.

47. As a direct and proximate result of such actions, Plaintiff has been, is being and will be in the future, deprived of income in the form of wages and of prospective benefits due to the Plaintiff solely because of Defendant's conduct.

## COUNT II – VIOLATION OF TITLE VII, 42 U.S.C. § 2000e-3
## (RETALIATION)

48. Plaintiff hereby re-alleges the forgoing paragraphs as though fully set forth herein.

49. Plaintiff engaged in protected activity under Title VII by reporting her pregnancy and/or pregnancy complications.

50. Defendant took adverse employment actions against the Plaintiff evidenced by her termination.

51. Pursuant to 42 U.S.C. § 2000e-3, Plaintiff was entitled to engage in and assert protected activities and rights without retaliation.

52. A causal link exists between the Defendants' decision to terminate Plaintiff and Plaintiff engaging in protected activity.

53. Defendants did not terminate Plaintiff for a legitimate, non-retaliatory reason and any reason given by Defendants would be pretextual in nature.

54. As the direct and proximate result of Defendants' knowing and willful violation of the Title VII, Plaintiff has suffered grave and substantial damages, wherefore Defendants stands liable to

Plaintiff for reinstatement (or front pay), the payment of wages lost, out-of-pocket expenses, compensatory damages, punitive damages, reasonable attorney's fees and prejudgment interest.

### COUNT III—THE PREGNANT WORKER'S FAIRNESS ACT
### (42 U.S.C. § 2000gg, et seq.)

55. Plaintiff hereby re-alleges the forgoing paragraphs as though fully set forth herein.

56. Plaintiff required a reasonable accommodation as a result of her pregnancy.

57. Defendant terminated Plaintiff after she requested a reasonable accommodation arising from and relating to her pregnancy.

58. As a direct and proximate result of the actions of Defendant set forth above, Plaintiff has suffered, is now suffering, and will continue to suffer, emotional pain and anguish.

59. As a direct and proximate result of such actions, Plaintiff has been, is being and will be in the future, deprived of income in the form of wages and of prospective benefits due to the Plaintiff solely because of Defendant's conduct.

### COUNT IV– VIOLATIONS OF AMERICANS WITH DISABILTIES ACT
### (DISABILITY DISCRIMINATION)

60. Plaintiff re-alleges and incorporates herein the foregoing paragraphs.

61. Plaintiff was a qualified individual with a disability and/or perceived as an individual with a disability.

62. Plaintiff was disabled in that she had an impairment which substantially limited one or more major life activities and/or major bodily functions.

63. Plaintiff could perform the essential functions of her job with or without reasonable accommodation.

64. Defendant was aware of Plaintiff's disability.

65. Defendant discriminated against Plaintiff on the basis of her disability in violation of the ADA, 42 U.S.C. § 12112, *et. seq*.

6

Case 3:24-cv-01478     Document 1     Filed 12/19/24     Page 6 of 10 PageID #: 6

66. As a direct and proximate result of Defendant's unlawful acts, Plaintiff suffered and continues to suffer emotional pain, suffering, professional and personal embarrassment, humiliation, loss of enjoyment of life, inconvenience and lost earnings and benefits.

67. As a result, Plaintiff is entitled to recover her damages, including lost wages and benefits, compensatory and punitive damages, attorneys' fees, costs, interest, reinstatement or front pay and benefits, and any other legal and equitable relief to which she may be entitled.

### COUNT V – VIOLATION OF AMERICANS WITH DISABILTIES ACT
### (RETALIATION)

68. Plaintiff re-alleges and incorporates herein the foregoing paragraphs.

69. Plaintiff was a qualified individual with a disability and/or perceived as an individual with a disability.

70. Plaintiff was disabled in that she had an impairment which substantially limited one or more major life activities and/or major bodily functions.

71. Plaintiff could perform the essential functions of her job with or without reasonable accommodation.

72. Defendant was aware of Plaintiff's disability.

73. Plaintiff engaged in protected activity by requesting a reasonable accommodation for her disabilities.

74. Defendant retaliated against Plaintiff because she engaged in protected activity under the ADA.

75. As a direct and proximate result of Defendant's unlawful acts, Plaintiff suffered and continues to suffer emotional pain, suffering, professional and personal embarrassment, humiliation, loss of enjoyment of life, inconvenience and lost earnings and benefits.

76. As a result, Plaintiff is entitled to recover his damages, including lost wages and

benefits, compensatory and punitive damages, attorneys' fees, costs, interest, reinstatement or front pay and benefits, and any other legal and equitable relief to which she may be entitled.

## COUNT VI – VIOLATION OF FAMILY AND MEDICAL LEAVE ACT
## (INTERFERENCE)

77. Plaintiff hereby re-alleges the foregoing paragraphs as though fully set forth herein.

78. Defendant is an "employer" as defined in the FMLA, 29 U.S.C. § 2611(4), and employed over fifty (50) or more employees within a seventy-five (75) mile radius from the location in which the Plaintiff worked.

79. Plaintiff was an "eligible employee" as defined in the FMLA, 29 U.S.C. § 2611

80. Plaintiff was entitled to a leave under the FMLA and was qualified f its protections.

81. In requesting FMLA leave, Plaintiff was engaging in protected activity under the FMLA.

82. Defendant knew that Plaintiff was engaged in protected activity under the FMLA.

83. Defendant engaged in prohibited conduct under the FMLA by interfering with Plaintiff's rights provided under the Act.

84. Defendant, in terminating Plaintiff's employment for requesting FMLA, willfully violated the anti-interference provisions of the FMLA, 29 U.S.C. § 2615.

85. Defendant is responsible and liable under the FMLA, 29 U.S.C. § 2617(a).

86. As a result, Plaintiff is entitled to recover his damages, including lost wages and benefits, liquidated damages, attorneys' fees, costs, interest, reinstatement, front pay and benefits, and any other legal and equitable relief to which she may be entitled.

## COUNT VII – VIOLATION OF FAMILY AND MEDICAL LEAVE ACT
## (Retaliation)

87. Plaintiff hereby re-alleges the foregoing paragraphs as though fully set forth herein.

88. Defendant is an "employer" as defined in the FMLA, 29 U.S.C. § 2611(4) and employed over fifty (50) or more employees within a seventy-five (75) mile radius from the location in which the Plaintiff worked.

89. Plaintiff was an "eligible employee" as defined in the FMLA, 29 U.S.C. § 2611.

90. Plaintiff was entitled to a leave under the FMLA and was qualified for its protections.

91. In requesting FMLA leave, Plaintiff was engaging in protected activity under the FMLA.

92. Defendant knew that Plaintiff was engaged in protected activity under the FMLA.

93. There was a causal connection between Plaintiff's protected activity and her termination.

94. Defendant, in terminating Plaintiff's employment for engaging in protected activity under the FMLA, willfully violated the anti-retaliation provisions of the FMLA, 29 U.S.C. § 2615(a)(1) and (a)(2).

95. Defendant is responsible and liable under the FMLA, 29 U.S.C. § 2617(a).

96. As a result, Plaintiff is entitled to recover his damages, including lost wages and benefits, liquidated damages, attorneys' fees, costs, interest, reinstatement, front pay and benefits, and any other legal and equitable relief to which she may be entitled.

**WHEREFORE**, Plaintiff requests this court enter judgment in favor of the Plaintiff and against Defendant, for:

(1) all amounts of back pay, front pay, wages, employment benefits, or other compensation denied or lost by Plaintiff as a result of Defendants' discrimination against Plaintiff;

(2) a judgment against the Defendant for damages, both compensatory and punitive, in an amount to be determined at trial;

(3) compensatory damages pursuant to the Pregnant Women's Fairness Act;

(4)  liquidated damages pursuant to the Family Medical Leave Act;

(5)  attorney's fees, interest and costs;

(6)  prejudgment and post judgement interest; and

(7)  any such other legal or equitable relief as may be appropriate or to which she may be entitled under federal or state law.


Respectfully Submitted,

**THE EMPLOYMENT & COMMERCE LAW GROUP**

*/s/ G. BRANDON HALL*
**G. BRANDON HALL, BPR No. 034027**
P.O. Box 330549
Nashville, TN 37203
(615) 850-0632
bhall@eclaw.com

*Attorney for Plaintiff*